## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PAULSON PRV HOLDINGS LLC; ET AL.,**<br>**Plaintiffs,**<br><br>**v.**<br><br>**FAHAD GHAFFAR; ET AL.**<br>**Defendants.** | **CIVIL NO. 23 –1521 (SCC)** |

<u>**RESPONSE TO MOTION FOR ENTRY OF RICO CASE STATEMENT ORDER**</u>

COME NOW Plaintiffs Paulson PRV Holdings LLC, Duo Condado JV Holdings LLC, Bahia Beach Holding Company LLC, AIP PR Holdings LLC, SJ Beach PR LLC, and Regency Acquisition LLC (collectively, where appropriate, "Plaintiffs" or "Paulson Entities"), through the undersigned counsel, and hereby file this response to Defendant Fahad Ghaffar's *Motion for Entry of RICO Case Statement Order*. (Docket No. 10.) In support thereof, Plaintiffs state as follows:

1.  On October 16, 2023, Plaintiffs filed suit against Fahad Ghaffar; Glenda Acevedo-Martinez; Glen Acevedo; Amir Ghaffar; Saira Ghaffar; Farah Vayani; Nerissa Aponte; Thinking Ahead LLC; GGSG LLC; Coverisq LLC; Tygate Pte. Ltd.; and Syber Group LLC (collectively, "Defendants") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; breach of fiduciary duty; civil fraud; tort; and unjust enrichment. (*See* Docket No. 1.)

2.  After several unsuccessful attempts to effectuate service, Plaintiffs served Defendant Fahad Ghaffar ("Ghaffar") on November 1, 2023. (*See* Docket No. 9.)

3.  On November 7, 2023, Ghaffar filed a *Motion for Entry of RICO Case Statement Order* (Docket No. 10), which urged the Court to adopt the standing orders of *other* District Court Judges, entered *decades* ago, which directed RICO plaintiffs to file a case statement setting

forth certain details about their theory of the case and claims. At best, Ghaffar's motion is nothing more than a delay tactic to enlarge his time to respond to Plaintiffs' complaint and should be denied as unnecessary.

4. Plaintiffs' complaint is anything but vague. It contains detailed allegations, organized into particularized schemes orchestrated by specific defendants, all of which collaborated in some form with Ghaffar to defraud the Plaintiffs. A review of the proposed orders attached to Ghaffar's motion, together with the Complaint, leaves no doubt that Plaintiffs have provided sufficient notice to the defendants of their claims, the losses sustained,  the particular parties responsible for those losses, and the operative facts regarding the causation of the losses.

5. Second, Ghaffar's allegations that this case was filed as a publicity stunt are specious, as a mere perusal of the Complaint is sufficient to apprise the reader of the gravity of the conduct imputed to Ghaffar and his cohorts. While it is undisputed that the filing of this action has unleashed a wave of negative publicity against Ghaffar, the purpose of the lawsuit is to vindicate the rights of the Plaintiffs and ensure that Ghaffar and the other defendants do not escape with impunity.

6. Ghaffar's allegations of publicity mongering are a reflection of the strategy he has attempted to unsuccessfully launch against the Paulson Entities and John Paulson ("Paulson"), as it was Ghaffar who leveraged his media contacts to launch a smear campaign against Paulson a mere 1 minute after he filed his first lawsuit. Specifically, on September 6, 2023, at approximately 3:27 PM, Ghaffar filed a complaint against Plaintiff Paulson PRV Holdings LLC ("Paulson PRV") and Paulson rife with knowingly false, frivolous, and scandalous factual allegations solely for the purpose of harassing, defaming,

and denigrating the named defendants. (*See Fahad Ghaffar v. Paulson PRV Holdings LLC*, *et al.*, 23-cv-1455 (CVR), Docket No. 14.)[1] A mere minute later, local newspaper El Nuevo Dia had published an extensive story on the complaint detailing its contents.[2] Obviously, Ghaffar coordinated with El Nuevo Dia prior to filing his action.

7.   Similarly, on October 19, 2023, a mere 3 days after the filing of this action, Ghaffar filed a new action against Paulson PRV, *Fahad Ghaffar v. Paulson PRV Holdings LLC*, 23-cv-1528 (SCC). The allegations in that complaint were identical to the allegations included in a confidential arbitration demand submitted by Ghaffar in New York. Because he was barred from publicly discussing the confidential allegations contained in the arbitration demand, Ghaffar filed that case in Federal Court to pepper the public record with further baseless allegations against Paulson PRV. To now claim it is the Plaintiffs who filed this case as a publicity stunt is plainly absurd of a Defendant that cannot stomach the consequences of his own fateful acts.[3]

8.   Finally, and perhaps most importantly, Ghaffar's arguments regarding the arbitrability of certain claims raised in this case are off base. A cursory review of paragraph 13 of Exhibit 2 to Ghaffar's motion, the Amended and Restated Management Services Agreement, unequivocally reflects that arbitration of claims, controversies, and disputes pursuant to that agreement is *mandatory* for claims by the "Service Provider", Ghaffar and FG Hospitality LLC, but *optional* for claims raised by the Paulson Entities. In any event, if Ghaffar is of the opinion that this case should be arbitrated, the proper vehicle through

---

[1] Yesterday, Paulson PRV and John Paulson moved for sanctions against Ghaffar in relation to that frivolous filing.
[2]         https://www.elnuevodia.com/negocios/empresas-comercios/notas/el-empresario-fahad-ghaffar-radica-una-millonaria-demanda-contra-john-paulson-en-puerto-rico/
[3] Ghaffar's allegations regarding statements by Plaintiffs' counsel are equally baseless. He claims counsel "impl[ied] she would pursue criminal prosecution to further her civil litigation," when counsel merely stated that the Paulson Entities would collaborate with law enforcement on any investigative request they may make.

which to request that relief is a motion to compel arbitration, not a motion requesting a RICO case statement.

9. In sum, Ghaffar's motion is nothing more than a delay tactic. He raises plainly meritless arguments regarding Plaintiffs' complaint and equally unavailing allegations regarding Plaintiffs' motivations for filing this action. The Court should deny the motion.

**WHEREFORE** Plaintiffs respectfully request the Court DENY Defendant Fahad Ghaffar's *Motion for Entry of RICO Case Statement Order*.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**RESPECTFULLY SUBMITTED** San Juan, Puerto Rico, on November 7, 2023.

**DMR Law LLC**
**Counsel for Plaintiffs**
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
maria.dominguez@dmralaw.com

*s/Javier F. Micheo Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
j.micheo@dmrpr.com

*s/ Julián R. Rodríguez-Muñoz*
Julián R. Rodríguez-Muñoz
USDC-PR No. 308301
j.rodriguez@dmrpr.com

**OVED & OVED LLP**
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700

*Counsel for Plaintiffs*



WWW.CSTLAWPR.COM
PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
lllach@cstlawpr.com

***S/JUAN J. CASILLAS-AYALA***
**JUAN J. CASILLAS-AYALA**
USDC PR NO. 218312

***S/LUIS F. LLACH-ZÚÑIGA***
**LUIS F. LLACH ZÚÑIGA**
USDC PR NO. 223112

4

Terrence A. Oved
*(pro hac vice forthcoming)*
*terry@oved.com*

Darren Oved
*(pro hac vice forthcoming)*
*darren@oved.com*

Andrew J. Urgenson
*(pro hac vice forthcoming)*
*andrew@oved.com*

Glen Lenihan
*(pro hac vice forthcoming)*
*glenihan@oved.com*