UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PAULSON PRV HOLDINGS LLC;**<br>**DUO CONDADO JV HOLDINGS, LLC;**<br>et als,<br><br>　　Plaintiffs,<br><br>v.<br><br>**FAHAD GHAFFAR**<br>et als.,<br><br>　　Defendants. | CIVIL NO. 23-1521 (SCC) |

**REPLY TO RESPONSE TO MOTION**
**FOR ENTRY OF RICO CASE STATEMENT ORDER**

**TO THE HONORABLE COURT:**

　　**COMES NOW**, Defendant Fahad Ghaffar by and through its undersigned counsel, and respectfully submits this reply to Plaintiffs' Response to Motion for Entry of RICO Case Statement Order.

　　1.　　In their Response, Plaintiffs assert that Mr. Ghaffar requests a RICO case statement based on orders that were entered more than ten years ago, implying that the practice is outdated and not necessary. To the contrary, while the standing orders were entered in the past, they are active Standing Orders of Judges of this Court and are still utilized today.

　　See, https://www.prd.uscourts.gov/standing-orders.

　　*See also, O'Ferral v. Trebol Motors Corp.*, 45 F.3d 561, 562 (1st Cir. 1995) (emphasis added; citations omitted) (A RICO Case Statement "sets forth answers to a standard questionnaire"

1

and is "*routinely* employed in civil RICO cases."); *Home Orthopedics Corp. v. Rodriguez*, 781 F.3d 521, 524 (1st Cir. 2015) (same). In fact, many district court judges require the filing of a RICO case statement at the beginning of the case. *See, e.g.*, *LGN Int'l, LLC v. Hylan Asset Mgmt. LLC*, No. 21-CV-940S, 2023 WL 3570444, at *5 (W.D.N.Y. May 19, 2023) ("Under this Court's Local Civil Rule 9, any party alleging a RICO claim also must file and serve . . . a 'RICO Case Statement'"); *LabMD Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022) (noting RICO case statement requirement pursuant to W.D. Pa Civ. R. 7.1(B)); *Rubenstein v. Nat'l Ass'n of Realtors*, No. 3:20-CV-00742 (JAM), 2021 WL 3146249, at *4 n.26 (D. Conn. July 26, 2021) ("The District of Connecticut has a standing order that requires the filing of a 'case statement' to supplement the allegations of a complaint that alleges a RICO violation."). *See also Northland Ins. Co. v. Shell Oil Co.*, 930 F. Supp. 1069, 1073 (D.N.J. 1996) ("Although approximately one dozen districts have adopted and routinely employ RICO Case Statements similar to that of the District of New Jersey, the plaintiff supplies no case which has held the RICO Case Order improper. Moreover, the Third Circuit and the United States Supreme Court have relied upon the RICO Case Statements . . . for a full statement of the plaintiff's claim."); *Expotech Eng'g, Inc. v. Cardone Indus., Inc.*, No. CV 19-1673, 2020 WL 1694543, at *12 (E.D. Pa. Apr. 7, 2020) ("RICO case statements are an authorized and common use of [FRCP 12(e)]. They are a 'useful, sometimes indispensable, means to understand the nature of the claims asserted and how the allegations satisfy the RICO statute.'"). The preparation of such statement is considered good practice even in jurisdictions that do not employ such standing orders. Reid Schar, E.K McWilliams and Philip B. Sailer, *RICO: A Guide to Civil RICO Litigation*, JENNER & BLOCK Practice Series (2021), at 2, 214, available at [Jenner & Block Practice Series | RICO: A Guide to Civil RICO Litigation in Federal Court.](#)

2. The content of those orders is still pertinent because nothing about the elements of the RICO statute has changed to reduce the level of particularity needed to properly plead a claim.

3. In fact, as recently as last year, the Plaintiff in Case No. 22-cv-1550, a RICO case pending before this Court, voluntarily filed a RICO case statement and stated that the RICO case statement was being filed pursuant to the Court's standing order. [See, Dkt. 4 of Case No. 22-cv-1550 (SCC)]. Recent RICO Case statement Orders have also been entered in other cases [See, 21-cv-1534 (Dkt. 13), 20-cv-1165 (Dkt. 19) and 19-cv-1131 (Dkt. 30)].

4. Furthermore, Plaintiffs misrepresent the circumstances of the timing of the filing of the case captioned Ghaffar v. Paulson PRV Holdings LLC, 23-cv-1528 to mislead the Court. Mr. Ghaffar commenced a contractually required JAMS arbitration against Paulson PRV Holdings LLC, in the first week of September 2023. In a response to the statement of claim in arbitration, filed by Paulson & Co. it is stated "that Paulson PRV Holdings Inc. is not a party to the arbitration agreement under which Claimant commenced this arbitration and does not consent to participate in this arbitration" [See EXHIBIT A, fn. 1]. As a consequence, Mr. Ghaffar had no choice but to bring the case in federal court.

5. Finally, Plaintiffs' claim that this request is a delay tactic has no legs. The timing of a response to the Standing Order is within the control of the Plaintiffs. If the complaint provides the details required in a RICO case statement, it should take no more than a day or two to prepare. In fact, Plaintiff could speed up this process by simply voluntarily providing the detail like the Plaintiff in case 22-cv-1150. In any event, any delay caused by the RICO case statement would be a couple of days, and in no event more than the 20-day response time required by the proposed orders.

**WHEREFORE**, the appearing co-defendant respectfully requests this Court grant its motion for Entry of RICO Case Statement Order at (Dkt. 10).

**Respectfully submitted,**

Date:  November 22, 2023

| | |
|---|---|
| **RUSSO PLLC** | /s/ Harold D. Vicente-Colon |
| /s/Daniel Branower | Harold D. Vicente-Colon (USDC-PR 211805) |
| Martin P. Russo (Admitted Pro Hac Vice) | Vicente & Cuebas |
| Daniel Branower (Admitted Pro Hac Vice) | PO Box 11609 |
| 350 Fifth Avenue, Suite 7230 | San Juan, Puerto Rico 00910 |
| New York, New York 10118 | Tel. 787.751.8000 |
| (212) 363-2000 | hdvc@vclawpr.com |
| martin@russopllc.com | |