IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PAULSON PRV HOLDINGS LLC, et al.**<br><br>Plaintiffs<br><br>V.S.<br><br>**FAHAD GHAFFAR, et al.**<br><br>Defendants | **CIVIL CASE NO.: 23-1521 (SCC)**<br><br><br>**CIVIL RICO; FRAUD; BREACH OF FIDUCIARY DUTIES; UNJUST ENRICHMENT AND DAMAGES** |

**REPLY TO PLAINTIFFS' OPPOSITION TO THE APPEARING PARTIES' "MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION (FED. R. CIV. P. 12(B)(1)) AND, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM (FED. R. CIV. P. 12(B)(6))"**

**TO THE HONORABLE COURT:**

**COME NOW** codefendants Farah Vayani and Syber Group LLC, through the undersigned counsel and very respectfully **SET FORTH** and **PRAY:**

### I. INTRODUCTION

Earlier today and after a consented extension of time, plaintiffs filed their opposition to the appearing parties' motion to dismiss on both jurisdictional grounds and for failure to state a claim (docket number 71). Because the unsupported arguments in plaintiffs' opposition do nothing but highlight the obvious fact that there is no reason for Ms. Vayani and Syber Group, LLC (hereinafter referred to as "Syber") to be joined as defendants in this case, we hereby file the foregoing short reply.

## II. DISCUSSION

**A) WE ARE SEVERAL LIGHT YEARS AWAY FROM SUPPLEMENTAL JURISDICTION**

As the backbone to their opposition brief, at pages 4-6 of said filing, plaintiffs regurgitate some of the generalized and sweeping performative pleadings in the complaint. As we shall demonstrate, none of those pleadings help said parties survive our Rule 12(b) motion.

For starters, plaintiffs' discussion of our jurisdictional challenge seems oblivious to the axiomatic principle that "[f]ederal courts are courts of limited jurisdiction" because "they possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree", meaning that **"[i]t is to be presumed that a cause lies outside this limited jurisdictionand the burden of establishing the contrary rests upon the party asserting jurisdiction**". Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted; emphasis added). Hence, plaintiffs are utterly misguided in proposing that "defendants have effectively waived any argument that the exercise of supplemental jurisdiction in this case would offend the values of judicial economy, convenience, fairness, and comity". Docket Number 71, at 7. It is for plaintiffs to establish the elements of supplemental jurisdiction not for the defendants to establish its inexistence. Thus, there was no need for the appearing defendants to engage in a discussion of equitable considerations (i.e., judicial economy, convenience, fairness, etc.) where it is so blatantly obvious that the claims over which such jurisdiction is invoked, not to pile on existing parties, against

2

whom federal claims have been asserted, but against supplemental **parties** against whom federal claims are not viable **do not share a common nucleus of operative facts**.  Indeed, plaintiffs' opposition heavily relies on a desperate plea to equitable considerations, in lieu of substance to the common nucleus argument.

In a quite aggressive and smug line of argument, plaintiffs posit that our contention that sufficient commonality for asserting pendent party jurisdiction is lacking "can only be the product of a complete ignorance of the facts alleged in the RICO-related causes of action or a deliberate attempt to induce the Court to err". Docket Number 71, at 8.  In support of this unwarranted jab, plaintiffs follow with 5 consecutive paragraphs worth of naked and generalized assertions regarding other codefendants in this case, without a bare effort to establish any connection between those assertions and those against the appearing parties.  The feeble and unsubstantiated attempt at linking the appearing parties to the foundational federal claims is as follows:

> Turning to the claims against Farah, which are virtually identical to those stated in Counts I and V, Fahad and Farah conspired and colluded to use Syber to sell information technology devices and services to the Paulson entities at inflated prices to pocket the inflated margin at Paulson's expense. **Fahad never disclosed the obvious conflict of interest implicated in engaging his sister to provide services to his employer, nor did he disclose that these services were being provided at inflated prices**.

Docket Number 71, at 10 (emphasis added)

A generalized assertion to an "obvious conflict of interest" is nothing more than a conclusion of law that, without any appropriate factual context to make it

3

plausible runs afoul the Twombly/Iqbal pleading standard, but it is not even what is pled in the complaint, which is even more generic. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 10 (1st Cir. 2011) ("Unlike factual allegations, legal conclusions contained within a complaint are not entitled to a presumption of truth"); Maldonado v. Fontánes, 568 F.3d 263, 266 (1st Cir. 2009) ("Yet we need not accept as true legal conclusions from the complaint or naked assertion[s]' devoid of 'further factual enhancement") (internal citation omitted).

Plaintiffs fail to point to **any legal authority**, whether statutory or created through jurisprudence in support of the proposition that a senior manager in a company is **legally barred** from procuring services for said company from an entity controlled by a close family member. As things currently stand, both paragraph 147 of the complaint and the opposition to our dispositive motion fail to state how Mr. Ghaffar and his sister Farah engaged in an **unlawful** "obvious conflict of interest".

Assuming very much, *in arguendo*, that there was an undisclosed and unlawful conflict of interest, the question remains: **how would that alleged event relate to the purported racketeering activities by Mr. Ghaffar and others, which give rise to an invocation of federal question jurisdiction under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. (hereinafter referred to as "RICO")**? Plaintiffs make no effort to answer this crucial question because they cannot do so without acquiescing to the dismissal of the claims against Vayani and Syber. Indeed, if the appearing parties' retention to provide services to one or more of the plaintiff entities were part and parcel of the

4

federal plaintiffs' alleged RICO violations, Vayani and Syber would have also been joined as codefendants under that statute. Alas, they were not. One of the most important axioms of federal practice is that "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist". O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir. 1976). Accordingly, on the pleadings, it is more than fair to conclude that a connection between the alleged RICO scheme and the purported "overcharging" by the appearing parties simply does not exist or otherwise, it would have been pled and we would have been joined and federal defendants, not through a "creative" stretching of supplemental party jurisdiction.

As it stands, even the most generous reading of the pleadings in this case shows a narration of how Mr. Ghaffar and others supposedly engaged in an enterprise that is it is alleged, violated RICO **and** that the appearing defendants **also** happened to incur in an unarticulated "overcharging scheme" on a contract obtained through a supposed undisclosed conflict of interest. The fact that Mr. Ghaffar is alleged to have been at the center of both the alleged RICO scheme **and** the "conflict of interest" does not turn both of those **separate events** into a common nucleus of operative facts under any applicable rule of law. Therefore, plaintiffs are unable to milk any federal jurisdiction out of the bold contention that the appearing parties supposedly benefited from an alleged conflict of interest involving a person who **also** happens to be involved in a federal claim.

Whatever gripe that plaintiffs may have with the goods and services provided by the appearing parties, it most certainly does not belong in federal court.

**B) THE UNJUST ENRICHMENT CLAIM**

Plaintiffs' **sole** claim against the appearing parties is one for alleged unjust enrichment **under Puerto Rico law**, based on the alleged overcharging for goods and/or services. Yet said parties were unable to come up with a single citation to as much as an interlocutory order issued by a lone Puerto Rico municipal court judge (the lower tier of the Puerto Rico Court of First Instance) in support of such a cause of action being a thing in our jurisdiction. The best that plaintiffs were able to do was to cite a tandem of unpublished and one published district court decisions from other jurisdictions (Illinois, New York and Texas). This showing is so inconsequential to then issue at hand that the undersigned declines to charge the appearing codefendants for reading said decisions and contrasting them with the facts in this case as it was plaintiffs' onus to make a showing that the unjust enrichment cause of action in those jurisdictions is sufficiently similar to what we have in Puerto Rico.

As things stand, the appearing parties filed a timely and supported motion on which they asserted that there is no legal rule under Puerto Rico law to the effect that selling a good/service at a price that may be objectively or subjectively deemed as "inflated" constitutes actionable unjust enrichment. Hence, it was incumbent upon the plaintiffs to make a showing of some Puerto Rico legal authority that would make such a claim at least plausible. The only precepts of Puerto Rico legal

6

authority that are cited merely state the several requirements for asserting an unjust enrichment claim, something that is not at issue as that is the same standard that we invoked in our dispositive motion.

It remains an undeniable fact that, in a capitalist market economy, a vendor sets the prices for goods/services and the consumer decides whether or not to pay those prices. The record remains conspicuously free of any legal authority to the effect that, under Puerto Rico law, the unjust enrichment doctrine somehow curtails this basic axiom of macroeconomics.

That plaintiffs have failed to state an unjust enrichment claim against the appearing parties is not an obvious conclusion, it is the only viable conclusion.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the instant action be hereby **DISMISSED**, as to the appearing codefendants.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record, to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 29th day of January, 2024.

**RESPECTFULLY SUBMITTED,**

**PLAN BEE CONSULTING LLC**
Cobian's Plaza, Suite 404
1607 Ponce De León Ave.
San Juan, Puerto Rico 00909
Tel. (787) 999-2972

*S/Jorge Martínez-Luciano*
**JORGE MARTÍNEZ-LUCIANO**
USDC-PR Number 216312
e-mail: jorge@mlrelaw.com

8