IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAULSON PRV HOLDINGS LLC et al. | CASE NO. 23-cv-01521 SCC |
| Plaintiffs | |
| v. | |
| FAHAD GHAFFAR et al. | CIVIL RICO |
| Defendants | |

**Motion to Strike Scandalous and Defamatory Statements in Plaintiffs' Amended RICO Case Statement**

TO THE HONORABLE COURT:

COMES NOW, co-defendants Amir Ghaffar, Coverisq LLC and Tygate PTE Ltd., through undersigned counsel and most respectfully state and pray as follows:

1. On March 26, 2024, plaintiffs filed their Amended RICO Case Statement, *docket 107*, regarding "The Paulson Entities' Second Amended Racketeering Influenced and Corrupt Organizations Act Complaint Against Fahad Ghaffar and his Accomplices and Co-Conspirators", *docket 106.* Plaintiffs' amended RICO Case Statement was filed in compliance with this court's March 19, 2024, Order, *docket 103*, and is thus considered a supplemental pleading.

2. Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading …any… immaterial, impertinent, or scandalous matter". A scandalous matter is that which improperly casts a derogatory light on someone, offends the sensibilities of the objecting party and does not describe acts or events relevant to the action. Gitto v. Worcester Telegram & Gazette Corp., (In re Gitto Global Corp). *Civil Action Nos. 05-10334-DPW, 05-10532-DPW (D. Mass. May. 2, 2005),* ps. 22-23.

1

3.  Scandalous or defamatory material is defined from the perspective of "whether a reasonable person could alter their opinion of a party based on the statements in the context in which they appear" considering that "[a] person within the courts' jurisdiction should not be subjected to scandalous or defamatory material submitted under the guise of a properly pleaded court document <u>Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)</u>, 191 B.R. 675, 678-79 (Ohio N. Bkcy Court, 1995), cited in *Gitto v. Worcester*, *supra*.

4.  On page 4 of the RICO Case Statement, *docket 107,* plaintiffs assert that "Amir is ***criminally*** and civilly ***liable*** for his actions against Paulson and Paulson Enterprises". Since this is a civil RICO complaint, the reference to ***criminal liability*** is inflammatory. And considering that plaintiffs' lead counsel is Ms. Maria Dominguez, who was an AUSA and FAUSA in the District of Puerto Rico for many years, the public's perception is that, in fact, Amir Ghaffar is criminally liable, despite the falsity of such a statement.  "Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device. The very pendency of a RICO suit can be stigmatizing…" <u>Miranda v. Ponce Fed. Bank</u>, *948 F.2d 41, 44 (1st Cir. 1991)*. The mere filing of this RICO civil complaint has caused considerable damage to Amir Ghaffar's reputation and business endeavors. Plaintiffs' addition of false and scandalous statements regarding Amir Ghaffar -totally irrelevant to the Civil RICO claim- are scandalous and defamatory.

5.  "[I]n cases alleging civil RICO violations, particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants", <u>Miranda</u>, *supra*, *see also,* <u>Naicom Corp. v. Dish Network</u>, *Case No. 21-cv-01405 JAW, (D. Puerto Rico, Order on Motion to Dismiss, March 29, 2024).*

Therefore, appearing defendants request that the Court strike from the Amended RICO Case Statement, *docket 107,* all allegations concerning "criminal liability".

**WHEREFORE**, Amir Ghaffar, Coverisq LLC and Tygate PTE Ltd. request the court strike from the record all allegations concerning Amir Ghaffar criminal liability, specifically, at page 4 of the Amended RICO Case Statement, *docket 107.*

**I HEREBY CERTIFY** that this document has been tendered for filing by electronic means and pursuant to FRCP 5(b)(2)(E) and 5(b)(3) and Puerto Rico Local Rule 5(b)(2), receipt of the Notice of Electronic Filing generated by the Court's Electronic Case Filing System constitutes the equivalent of service of the instant motion to all pertinent persons.

Dated: April 8, 2024.

**LOPEZ TORO**
**Estudio de Derecho**
PO Box 635
Rio Grande, Puerto Rico 00745
Tel. 787-957-2640; Mobile 787-646-6395
ESTUDIOLOPEZTORO@aol.com

*s/Bámily López Ortiz*
**Bámily López Ortiz**
USDC-PR 205410

And,

Business Law PR, LLC
PO Box 192928
San Juan, Puerto Rico 00919
Tel. 787-404-9805
ffeliu@businesslawpr.com
/s/
**Francisco A. Feliú Nigaglioni**
PR No. 308801