UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PAULSON PRV HOLDINGS LLC;
DUO CONDADO JV HOLDINGS, LLC;
et al.,

    Plaintiffs,

v.

FAHAD GHAFFAR
et al.,

    Defendants.

CIVIL NO. 23-1521 (SCC-MEL)

**RESPONSE OF ACE LLC IN REPLY TO**
**OPPOSITION OF PAULSON PRV**

**TO THE HONORABLE COURT:**

    COMES NOW defendant ACE LLC through the undersigned attorneys, and respectfully states, alleges, and prays:

    1.    ACE LLC ("ACE") responds herein to the "Response in Opposition to Ace LLC's Motion to Dismiss" filed by the plaintiffs on August 21, 2024.

**Procedural Background**

    2.    This action was commenced against numerous defendants on or about October 16, 2023.

    3.    The Complaint in this action has now been amended twice and the operative pleading is the Second Amended Complaint.

    4.    Despite commencement of the action in the Fall of 2023, for reasons unknown to ACE, ACE was not served until July 17, 2024. (ECF No. 143).

1

5. During the period between the commencement of this action and service upon ACE, the parties engaged in extensive motion practice. A motion to dismiss for failure to state a claim and compel arbitration (the "Pending Motion") is presently pending and the defendants are scheduled to submit replies to the Plaintiffs' lengthy consolidated opposition on October 1, 2024. (ECF No. 137).

6. Upon being served, ACE timely filed a motion for joinder with the Pending Motion and to dismiss (ECF No. 146).

7. On August 13, 2024, the Court granted ACE's motion for joinder (ECF No. 147).

8. On August 21, 2024, Plaintiffs submitted a "Response in Opposition to ACE LLC's Motion to Dismiss." (ECF No. 150).

9. The motion for joinder having been granted, ACE intends to fully reply on October 1, 2024, alongside all of the other defendants.

10. Nevertheless, to avoid any claims of waiver or default, however misplaced, ACE submits the instant, interim response.

## **Plaintiffs' Opposition Is Devoid of Merit**

11. Plaintiffs' opposition is wholly lacking in merit and is in many instances frivolous.

12. First, after waiting nearly a year to serve ACE, Plaintiffs gallingly make the nonsensical argument that ACE has not answered or otherwise pled and is in default. Having appeared and filed its motion (ECF No. 146), the notion that ACE is in default is frivolous.

13. Second, the Plaintiffs' opposition ignores the bases for dismissal set forth by ACE.

14. ACE's previous motion noted that the entirety of the claim against ACE is that ACE allegedly stole a business opportunity from Paulson PRV. However, the Second Amended Complaint is deficient in setting forth why Paulson PRV would have any claim to a business

opportunity utilized by ACE. The Pending Motion addresses the Second Amended Complaint's failure to allege a fiduciary duty owed by ACE or any other defendant, which is a prerequisite to make the claim against ACE even remotely plausible on its face.

15. To the extent the claim depends on ACE's relationship with defendant Fahad Ghaffar, the Pending Motion asserts that there was *not* a fiduciary relationship, but rather a relationship governed by a specific contractual agreement. Moreover, the Second Amended Complaint fails to plead facts which would warrant disregarding the corporate distinction between Ghaffar and ACE as a separate corporate entity.

16. Finally, as previously argued, the Second Amended Complaint fails to allege an adequate basis for jurisdiction over the claim against ACE. Rather, it only alleges federal question jurisdiction and supplemental jurisdiction. The Pending Motion, however, provides extensive argument for dismissal of the federal claims, which, if granted, would leave no basis for the exercise of jurisdiction over the claim against ACE. The Second Amended Complaint does not allege diversity or any other independent basis for the exercise of jurisdiction over ACE.

**RESPECTFULLY SUBMITTED,**

In San Juan Puerto Rico this 28th day of August, 2024.

**WE HEREBY CERTIFY** that on this same date a copy of this document has been filed with the Clerk of the Court using the CM/ECF System, which will send a copy to all parties and/or attorneys of record.

<div style="display: flex;">

<div>

**VICENTE LAW, LLC**
P.O. Box 11609
San Juan, P.R. 00910-1609
Phone: (787) 751-8000
Facsimile (787) 756-5250

*s/Harold D. Vicente*
**HAROLD D. VICENTE**
USDC-PR 117711
E-Mail: *hvicente@vclawpr.com*

*s/Harold D. Vicente-Colón*
**HAROLD D. VICENTE-COLÓN**
USDC-PR 211805
E-Mail: *hdvc@vclawpr.com*

</div>

<div>

**ANDREU & SAGARDÍA**
261 Ave. Domenech
San Juan, PR 00918-3518
Phone (787) 754- 1777
Facsimile (787) 763-8045

*s/José A. Andréu-Fuentes*
**JOSÉ A. ANDRÉU-FUENTES**
USDC-PR  204409
E-Mail: *jaf@andreu-sagardia.com*

*s/Alfredo M. Umpierre-Soler*
**ALFREDO M. UMPIERRE-SOLER**
USDC-PR 226205
E-Mail: *aumpierresoler@gmail.com*

**RUSSO PLLC**
*/s/Martin P. Russo*
Martin P. Russo (admitted pro hac vice)
Robert Sidorsky (admitted pro hac vice)
Daniel Branower (admitted pro hac vice)
350 Fifth Avenue, Suite 7230
New York, New York 10118
(212) 363-2000
E-mail: *martin@russopllc.com*

</div>

</div>