IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PAULSON PRV HOLDINGS LLC ET AL.,**<br><br>　Plaintiffs,<br><br>　v.<br><br>**SAIRA GHAFFAR, ET AL.,**<br><br>　Defendants. | CIV. NO. 23-1521(SCC) |

### RESPONSE IN OPPOSITION TO MOTION TO DISMISS

#### I.　　INTRODUCTION

Plaintiffs'[1] *Second Amended Complaint* (Docket No. 1, "the *SAC*") tells the story of innumerable incidents of conspiracy, fraud, deceit and, most relevant to this response, self-dealing and disloyalty by Defendant Fahad Ghaffar ("Fahad") and his close allies, including his wife and siblings, among them the moving party, Saira Ghaffar ("Saira"), his sister.

Saira conspired with Fahad and Defendant Nerissa Aponte to defraud Plaintiffs SJ Beach PR LLC, Bahia Beach Holding Company LLC, Bahia Beach Resort LLC, Bahia Beach CH Development LLC, and Ocean Drive Development LLC (collectively, "Injured Plaintiffs"), by selling cheap rugs, art, and LED lights at inflated prices to several hotels owned by the Injured Plaintiffs, receiving payments of approximately $543,315.86. Saira inflated the prices of the items she sold to the Paulson Hotels and falsely represented them as meeting the as highest luxury quality standards, which is what was required to display them in the units for which the items were purchased. This, to pocket additional commissions and/or profits from the inflated costs. Saira is criminally and civilly liable for her actions against the Injured Plaintiffs, pursuant to RICO Section 1962(c), 1962(d) and Puerto Rico's general tort statute—Article 1536 of Puerto Rico Civil Code, 31 L.P.R.A. §10801. Saira is

---

[1] Paulson PRV Holdings LLC, Duo Condado JV Holdings LLC, Bahia Beach Holding Company LLC, AIP PR Holdings LLC, SJ Beach PR LLC, Regency Acquisition LLC, Condado Duo La Concha SPV, LLC; SJ Beach PR, LLC; Condado Duo Vanderbilt Hotel Towers SPV, LLC; Bahia Beach Resort, LLC; Condado Duo Vanderbilt SPV, LLC; Ocean Drive Development, LLC; and Bahia Bach CH Development, LLC's (collectively, where appropriate, "Paulson Entities")

also liable for fraud and under the doctrine of unjust enrichment.

Saira now joins her codefendants' efforts to shield their misdeeds from public scrutiny. She moves for dismissal on two separate, equally meritless, grounds, both of which relate to service of process. First, she argues that service was not effectuated within a reasonable time frame, as required by Federal Rule of Civil Procedure 4(m). Second, Saira seeks dismissal of the claims against her because, in her estimation, service was effectuated in a manner that is inconsistent with the law of Dubai, UAE, where she resides.

The SAC's claims against Saira should not be dismissed. As she acknowledges in her motion, service on defendants located in a foreign jurisdiction is not subject to the time limits set forth in Federal Rule of Civil Procedure 4(m). The primary requirement for timely service on a foreign-based defendant is that it be carried out diligently. More importantly, upon motion of the plaintiffs, the Court enlarged the deadline to serve Saira to August 30, 2024. (*See* Docket No. 141.) Plaintiffs plainly complied with the Court's extended deadline, and thus, any disputes over the timeliness of service are precluded by the Court's Order.

Saira's second argument – that service was not properly effectuated because she was not personally served with summons and the complaint – is equally unavailing. Fed. R. Civ. P. 4(f)(2)(A), which Saira conveniently omits in her motion, permits service of process in a foreign country **in a manner that complies with that country's laws**. In this case, UAE law—specifically Article 9.1.d of the UAE Civil Procedure Code—permits service at the defendant's place of work by personally serving, *inter alia*, their manager, or a colleague. In this case, Poe Nyein ("Nyein") was identified as **"the person in charge of the management"** of Ghaffar's business at the time of service. The proof of service explicitly states that Nyein voluntarily accepted service, agreeing to deliver the documents to Ghaffar on the same day. Thus, the service was compliant with UAE law and is therefore valid under Rule 4(f)(2)(A). Saira's motion must be denied.

## II.    ARGUMENT

### A. Plaintiffs complied with the deadline set forth by the Court.

Federal Rule of Civil Procedure 4(m) provides the general framework for timeliness of service upon defendants in ordinary civil cases. The rule provides that, "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its Rule 4 own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P.4(m). The rule explicitly provides that its 90-day window for service "does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)." *Id.* However, "courts have leave to dismiss for failure to serve abroad when a plaintiff is dilatory." *Feliz v. MacNeill*, 493 Fed.Appx. 128, 131 (1st Cir.2012)(citations omitted). But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *United States v. Oakland Physicians Med. Ctr., LLC,* 44 F.4th 565, 568 (6th Cir. 2022)(quoting Fed. R. Civ. P. 4(m)). Notably, courts have consistently held that judges have discretion to extend the service period even when good cause has not been demonstrated *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)(Collecting cases).

While plaintiffs acknowledge that service was not performed within the 90-day period, the record reflects that the plaintiffs have been diligent in pursuing service and in petitioning the Court for extensions of time to serve. On July 8, 2024, Plaintiffs requested the Court re-issue summons for Saira, explaining that, despite their diligent efforts, they had been unable to execute summons upon Saira. (*See* Docket No. 139.) The Court granted this motion on July 16, 2024, and, presumably recognizing the time elapsed since the filing of the initial complaint, set a new deadline of July 30, 2024, for plaintiffs to serve Saira. (*See* Docket No. 141.) That was the Court's first extension of time to serve.

Subsequently, on July 30, 2024, the plaintiffs requested a final extension of time to serve

3

Saira, explaining the significant complexities involved in effecting proper service in the UAE and providing several examples. (*See* Docket No. 144.) After evaluating the plaintiffs' arguments, the Court and granted a final extension. (*See* Docket No. 145.) Plaintiffs ultimately served Saira in compliance with UAE law on August 19, 2024.

Given this procedural background, Saira's arguments regarding untimely service are entirely without merit. The Court has broad discretion to adjudicate any controversy regarding timeliness of service, regardless of whether good cause is or isn't shown. *See Riverdale Mills Corp. v. U.S. Dep't of Transp.*, 225 F.R.D. 393, 395 (D. Mass. 2005)(". . . a court must extend the time for service of process if there is good cause shown for the delay. If good cause is not shown, a court may still, in its discretion, extend the time for service of process.")(Citations and marks omitted). Here, the Court evaluated the plaintiffs' motions requesting extensions of time to serve Saira and granted them. Plaintiffs complied with these extended deadlines. Saira is plainly crying over spilled milk to avoid addressing the allegations against her head-on. Her motion must be denied.

### B. Plaintiffs complied with the law of the United Arab Emirates in serving Saira.

Rule 4(f) provides that individuals located outside the United States may be served:

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> **(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction**;

Fed. R. Civ. P. 4(f)(emphasis ours).

Under Rule 4(f), the Court must first determine whether the foreign country has entered into any international agreement regarding service of process with the United States, such as the Hague

Convention. *See* Fed.R.Civ.P. 4(f)(1). The UAE is not a party to the Hague Convention and the parties agree that no other internationally agreed upon means of service exists between the United States and the UAE. *Smallwood v. Allied Pickfords, LLC*, No. 08CV2196BTM(RBB), 2009 WL 3247180, at *12 (S.D. Cal. Sept. 29, 2009), *on reconsideration in part*, No. 08CV2196 BTM(RBB), 2010 WL 11508273 (S.D. Cal. Feb. 5, 2010), and *aff'd sub nom. Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011). Consequently, Plaintiffs must comply with another method set forth in Rule 4(f)(2). *See Elisan Entm't, Inc. v. Suazo*, 206 F.R.D. 335, 337 (D.P.R.2002) (Dominguez, J.); *In re Maxon Eng'g Serv., Inc.*, 418 B.R. 653, 664 (Bankr.D.P.R.2009).

As detailed in the attached Statement Under Penalty of Perjury[2], service of process in the UAE is governed by Law 42 of 2022 Promulgating the Civil Procedure Code.[3] Article 9.1 of that statute clearly states that process may be served at the defendant's "place of work" and "if the Defendant is not available . . . the process shall be delivered to [her] boss, any person in charge of the management of the Defendant, or her colleague." The individual who received service of process on Saira's behalf plainly meets the criteria set forth in Article 9.1, as she is Saira's manager. Service was therefore executed in conformity with UAE law and, accordingly, in conformity with Fed.R.Civ.P.4(f)(2)(A). The defendant's motion must be denied.

### III. CONCLUSION

Service on Saira was timely extended and performed within the Court-ordered timeframe. It was likewise performed in conformity with UAE law. It follows that service was properly executed and the Court has personal jurisdiction over Saira. However, in the unlikely event the Court finds that service was somehow deficient, the Court has discretion, pursuant to Rule 4(m), to order that

---

[2] Exhibit 1.

[3] The UAE Civil Procedure Code may be accessed here: https://u.ae/en/information-and-services/justice-safety-and-the-law/litigation-procedures/general-provisions-

5

"service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiffs here have meritorious claims against Saira, as evidenced by the extensive criminal activity detailed in the SAC. Dismissal without prejudice would only increase litigation costs. Consequently, if the Court finds service was defective, a conclusion we posit would be contrary to law, the Court should exercise its discretion and order service to be corrected within a reasonable time frame.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on November 8, 2024.

**DMR Law**
**Counsel for Plaintiffs**
Capital Center Bldg.
Suite 1101
San Juan, PR 00918
Tel. 787-331-9970

*s/ Maria A. Dominguez*
Maria A. Dominguez
USDC-PR No. 210908
m.dominguez@dmrpr.com

*s/Javier F. Micheo Marcial*
Javier F. Micheo Marcial
USDC-PR No. 305310
j.micheo@dmrpr.com

*s/ Julián R. Rodríguez-Muñoz*
Julián R. Rodríguez-Muñoz
USDC-PR No. 308301
j.rodriguez@dmrpr.com

*Counsel for Plaintiffs*



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433

*s/JUAN J. CASILLAS AYALA*
USDC-PR No. 218312
jcasillas@cstlawpr.com

*s/VICTOR O. ACEVEDO-HERNANDEZ*
USDC-PR No. 227813
vacevedo@cstlawpr.com