IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAULSON PRV HOLDINGS LLC, et al.<br><br>Plaintiffs<br><br>V.S.<br><br>FAHAD GHAFFAR, et al.<br><br>Defendants | CIVIL CASE NO.: 23-1521 (SCC/MEL)<br><br><br>CIVIL RICO; FRAUD; BREACH OF FIDUCIARY DUTIES; UNJUST ENRICHMENT AND DAMAGES |

**OPPOSITION TO PLAINTIFFS' INFORMATIVE MOTION REGARDING REPORT AND RECOMMENDATION (Docket Number 189); TO JOIN OBJECTION TO REPORT AND RECOMMENDATION (Docket Number 188) AND, IN THE ALTERATIVE FOR SEVERANCE PURSUANT TO FED. R. CIV. P. 21**

TO THE HONORABLE COURT:

**COME NOW** codefendants Farah Vayani and Syber Group LLC, through the undersigned counsel and very respectfully **SET FORTH** and **PRAY**:

The instant case was originally filed back on **October 16, 2023** (docket number 1). The action is being promoted by a number of legal entities controlled by Mr. John Paulson that have decided to sue, not just his former business partner, Mr. Fahad Ghaffar and legal entities controlled by said party but also attempts to reel in every close relative of Mr. Ghafar and legal entities associated with such relatives. In the case of the appearing parties, they have been forced to incur the inconveniences and expenses associated with litigation based on a wild theory of hyper-extended supplemental jurisdiction (i.e., on facts that plaintiffs cannot plausibly attach to those that give rise to the foundational federal claim) to answer for Puerto Rico law claims that have never been recognized by the Puerto Rico Supreme Court. Because plaintiffs chose to twice amend the complaint, the appearing parties have also had to duplicate the full

briefing of motions to dismiss. The same holds true for each of the other sim,ilarly-situated defendants.

On December 20, 2024, the Hon. Marcos E. López, to whom all pretrial matters have been assigned, issued a report and recommendation (hereinafter referred to as R & R) (docket number 182), **correctly** (in our view) advising the presiding judge that the motion to dismiss and to compel arbitration filed by the Ghaffar entities (docket number 115) should be granted. The R & R however recommends that **the entirety of the case** be stayed pending the resolution of arbitration proceedings between those parties covered by the pertinent arbitration clause. In so ruling, the claims against individuals and entities such as the appearing parties, who will not and cannot participate in the aforementioned arbitration would remain unadjudicated.

On January 2, 2025, plaintiffs sought a 10-day extension of time to object the R & R, stating without reservations at paragraph 2 of said motion that "Plaintiffs respectfully assert that Magistrate Judge López erred in his Report and Recommendation and **there are compelling grounds for objection**" (docket number 183) (emphasis added). On January 3, 2025, codefendants Amir Ghaffar, Coverisq LLC and Tygate Pte. Ltd. Also requested additional time to object the R & R (docket number 184). The Court granted both requests (dockets numbers 185 and 186). While Mr. Amir Ghaffar and his related entities did file an objection (docket number 188), plaintiff filed an "Informative Motion" in which they did an about-face with regards to their original position and advised the Court that "they will not be filing any objections to the Hon. Magistrate Judge Marcos E. López's Report and Recommendation (Docket No. 182) and will be pursuing claims against Fahad Ghaffar in arbitration as appropriate", further adding that they "do not object to the recommendation that the Court **stay the proceedings as to the remaining defendants and claims pending the resolution of the arbitration**" (docket number 189) (emphasis added).

2

Because we believe that submitting the other codefendants to an indefinite pause in the adjudication of their sound challenges to the proceedings on account of plaintiffs' failure to honor arbitration clauses where such clauses are applicable would constitute am inequitable result. For this reason, the appearing codefendants respectfully **join** the objection filed by codefendants Amir Ghaffar, Coverisq LLC and Tygate Pte. Ltd. and **oppose** plaintiffs' proposition to indefinitely bind them to a case in which they never been joined subject to arbitration proceedings that are also completely unrelated to them.

While we fully adopt the arguments stated by the objectors, we touch upon some related points.

A stay of the proceedings is usually ordered to as a contingency with other events which may ultimately eliminate or significantly reduce the need for judicial intervention. For example, a court may stay a case pursuant to <u>Younger v. Harris</u>, 401 U.S. 37 (1971) and its progeny on account of the fact that the underlying claim before the Court may likely be conclusively adjudicated in a state criminal or administrative enforcement proceeding. In the instant case, whichever way the arbitration winds blow, the ensuing arbitration award will not adjudicate or otherwise affect the scope of the claims asserted against the non-arbitrating parties, as Mag. López recognized in his R & R that only the claims regarding Mr. Fahad Ghaffar are arbitrable. <u>See</u> Docket Number 182, at 15-16. We however respectfully posit that this is not a case in which **the same parties** are litigating both arbitrable and non-arbitrable claims among them, but rather a case in which there are **additional parties** defending against other claims, none of which are subject to arbitration.

Because each case is different, the Supreme Court has observed that:

> **In some cases**, of course, it may be advisable to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. **That decision is**

3

> **one left to the district court** (or to the state trial court under applicable state procedural rules) as a matter of its discretion to control its docket.

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n. 23 (1983) (emphasis added)

In exercising judicial discretion on the stay regarding non-arbitrating parties, courts generally take a pragmatic approach. For example, in ordering such a stay, an Eastern District of New York judge held that "at the very least that significant insight will be afforded the Court and the parties by the conduct and result of the arbitration, and that this insight will prove valuable in resolving the remaining claims". Acquaire v. Canada Dry Bottling, 906 F. Supp. 819, 838 (E.D.N.Y. 1995), cited with approval at D.J. Mfg. Corp. v. Tex Shield, Inc., 998 F. Supp. 140, 145-146 (D.P.R. 1998). As previously stated, this is not a statement that can reasonably be made regarding the appearing codefendants or as to other relatives of Mr. Ghaffar that have been pulled to this litigation, as the arbitration proceedings have not been shown to provide any insight into that part of the case.

Also relevant is the fact that stays are usually ordered where there is no question that the court has jurisdiction over the claims and over the parties. Here, the appearing parties are being forced into federal court under an absolutely untenable invocation of 28 U.S.C. § 1367 supplemental jurisdiction for claims that bear no cogent relationship whatsoever to the foundational RICO claims. Other codefendants are also asserting jurisdictional challenges, including Ms. Saira Ghaffar is arguing that the Court has not acquired *in personam* jurisdiction over her (docket number 168). The First Circuit has instructed that:

> When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first. See 5A Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1350, at 210 (1990); Bell v. Hood, 327 U.S. 678, 682, 90 L. Ed. 939, 66 S. Ct. 773 (1945) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."). It is not

> simply formalistic to decide the jurisdictional issue when the case would be dismissed in any event for failure to state a claim. Different consequences flow from dismissals under 12(b)(1) and 12(b)(6): for example, dismissal under the former, not being on the merits, is without res judicata effect. See 2A James Moore, et al., *Moore's Federal Practice* P 12.07, at 12-49 & n.3 (1993).

Northeast Erectors Association v. Secretary of Labor, 62 F.3d 37, 39 (1st Cir. 1995)

Thus, "[i]t is well-settled that **courts must address any jurisdictional issues as early as practicable**". Capezano v. Arcor Saic, 743 F. Supp. 2d 71, 76 (D.P.R. 2010) (emphasis added). We respectfully posit that it would serve little purpose to keep a portion of the defendants as part of this litigation for an indefinite period of time, only to determine once arbitration is completed (whenever this may be), that the Court lacks jurisdiction to decide the claims assertted against them. On the other hand, clearing the docket of any claims in which jurisdiction is lacking simplifies matters for all of the parties that remain in the case after such determination.

Since in this case there is a clear delineation between arbitrable and non-arbitrable claims, with the latter requiring jurisdictional rulings, Fed. R. Civ. P. 21 may provide a solution for addressing the problem. This rule provides, in pertinent part that:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. **The court may also sever any claim against a party**. (emphasis added).

The First Circuit has validated the creative use of Rule 21, including allowing the severance of claims within the same case. In Acevedo-García v. Vera-Monroig, 351 F.3d 547, 558-560 (1st Cir. 2003), the Court affirmed the severance of an 82-plaintiff discrimination case into four separate trials that each would engender **a separate, apepalable** judgment. Indeed, the cited decision is an appeal from the first trial as to the first severed batch of claims, consisting of 20 plaintiffs. With regards to the severance scheme, the Court praised the ingenuity of the trial judge (the late, Hon. Jaime Pieras, Jr.) in undertaking a "formidable logistical task". Id. at 554.

5

We respectfully invite this Honorable Court to sever those claims that are subject to or may be affected by arbitration from those that are not, staying the proceedings as to the former and deciding the dispositive motions filed by the latter. This would strike a balance between the need to enforce arbitration clauses and the rights of litigants that have no recourse to or interest in arbitration.

**WHEREFORE**, it is respectfully requested from this Honorable Court that the appearing parties be allowed to join the objections at Docket Number 188 and that their motion to dismiss be adjudicated, with or without effecting a Fed. R. Civ. P. 21 severance.

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that the instant document has been filed with the Court's CM/ECF System, which will simultaneously serve notice on all counsels of record, to their registered e-mail addresses. Any non-registered attorneys and/or parties will be served via regular mail.

In San Juan, Puerto Rico this 15th day of January, 2025.

RESPECTFULLY SUBMITTED,

PLAN BEE CONSULTING LLC
Cobian's Plaza, Suite 404
1607 Ponce De León Ave.
San Juan, Puerto Rico 00909
Tel. (787) 999-2972

*S/Jorge Martínez-Luciano*
**JORGE MARTÍNEZ-LUCIANO**
USDC-PR Number 216312
e-mail: jorge@mlrelaw.com

6